IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| TL HARVEY,<br><br>                      Plaintiff,<br><br>v.<br><br>JAKE BUTCHER, THOMAS SIMPSON, and STATE OF UTAH DEPARTMENT OF PUBLIC SAFETY UTAH HIGHWAY PATROL,<br><br>                      Defendants. | **REPORT AND RECOMMENDATION TO GRANT DEFENDANT KEITH SQUIRES' MOTION TO DISMISS AMENDED COMPLAINT (ECF NO. 31)**<br><br>Case No.: 1:18-cv-00008-JNP-EJF<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Keith Squires moves this Court to dismiss the Amended Complaint's third cause of action. (Def. Keith Squires' Mot. to Dismiss Am. Compl. (Mot.), ECF No. 31.) Commissioner Squires asks the Court to dismiss Plaintiff TL Harvey's third cause of action, asserted against him under 42 U.S.C. § 1983, for failure to allege facts to support the policy or custom Commissioner Squires implemented or that he held the requisite state of mind in doing so. (Mot. 2-3, 8-9, ECF No. 31.) The undersigned agrees and RECOMMENDS the District Judge DISMISS Mr. Harvey's claim against Commissioner Squires for failure to state a claim upon which this Court can grant relief.

## I.    FACTUAL BACKGROUND

The Court takes "as true all well-pled (that is, plausible, non-conclusory, and non-speculative) facts alleged in plaintiffs' complaint." Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

1

Commissioner of the Utah Department of Public Safety/Highway Patrol, Keith Squires, bears responsibility to hire, train, and discipline the Utah Highway Patrol officers. (Am. Compl. ¶¶ 1, 61, ECF No. 19.) Included in his obligations, Commissioner Squires must make sure the department has "a written policy that prohibits the stopping, detention or search of any person when the action is solely motivated by considerations of race, color, ethnicity, age, or gender." (Id., ¶ 61; see accord Utah Code Ann. § 53-8-104(16).) According to the Amended Complaint, Commissioner Squires negligently failed to instruct, supervise, control, and/or discipline his employees with respect to the duty to refrain from targeting Black Americans in both law enforcement and searches. (Id., ¶¶ 63, 70.) This failure to instruct, supervise, control and/or discipline foreseeably resulted in two Utah Highway Patrol Officers violating Mr. Harvey's constitutional rights as described below. (Id., ¶ 67.)

On January 11, 2016, while driving eastbound on Interstate 84 in the state of Utah, traveling to Evanston, Wyoming, Mr. Harvey was pulled over by Officer Thomas Simpson of the Utah Highway Patrol. (Am. Compl. ¶¶ 20-21, ECF No. 19.) Officer Simpson cited Mr. Harvey for violating Utah Code section 41-6a-1635, which addresses tinting of car windshields and windows. (Id., ¶¶ 20-25.) At no time during the stop did Officer Simpson examine or measure the window tint. (Id., ¶¶ 22-23.) Prior to receiving the citation, Mr. Harvey was not free to leave. (Id., ¶ 25.) Thereafter, Mr. Harvey continued driving eastbound, and approximately ten minutes later, a second officer, Jake Butcher of the Utah Highway Patrol, pulled him over again. (Id., ¶¶ 26-27.) Mr. Harvey informed Officer Butcher that he had just been stopped and showed him the citation, which Officer Butcher "discarded." (Id., ¶ 27.)

Officer Butcher then retrieved a dog from his vehicle and asked Mr. Harvey to leave his car, claiming the dog had alerted for drugs inside Mr. Harvey's car.  (Id., ¶¶ 28-30.)  Mr. Harvey did not see any behavior by the dog that would indicate an alert.  (Id., ¶ 29.)  Mr. Harvey then "demanded to have a supervisor present" prior to any search of his car; subsequently, Officer Butcher asked that Mr. Harvey leave his vehicle, and Mr. Harvey complied.  (Id., ¶¶ 31-32.)  While waiting for the supervisor, Officer Butcher did not permit Mr. Harvey to return to his vehicle when asked, although the temperature outside was approximately seven degrees, and Mr. Harvey was not wearing a coat or gloves.  (Id., ¶¶ 32-33.)  Officer Butcher also informed Mr. Harvey that he was not free to leave.  (Id., ¶ 33.)

The supervisor (who the Complaint does not name) arrived approximately one hour later, at which time the police dog entered Mr. Harvey's vehicle and sniffed the interior, as well as the trunk.  (Id., ¶¶ 32, 35, 38.)  The supervisor then "stepped in" and informed Officer Butcher that the dog had not alerted to anything in the vehicle and that he should allow Mr. Harvey to leave.  (Id., ¶¶ 38, 42.)  After going to his patrol vehicle, Officer Butcher returned with a second citation for a violation of "Utah's window tint statute 41-61-1635," which the undersigned presumes refers to Utah Code section 41-6a-1635, cited earlier in Mr. Harvey's Complaint.  (Id., ¶ 43.)  Officer Butcher never mentioned window tint or measured the window tint prior to issuing the citation.  (Id., ¶¶ 39-41.)  Mr. Harvey alleges that Officers Simpson and Butcher violated his rights under the United States Constitution and federal law by unlawfully detaining him.  (Id., ¶ 46.)

## II.     LEGAL STANDARD

In determining whether a complaint fails to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure, " '[t]he court's function … is … to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.' " Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999)). Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).

To avoid dismissal, a complaint must allege " 'enough facts to state a claim to relief that is plausible on its face.' " Hogan v. Winder, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547) (2007)). " 'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In reviewing a complaint, the court accepts as true the well-pled factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. Wilson v. Monsanto, 715 F.3d 847, 852 (10th Cir. 2013). The court need not accept the plaintiff's conclusory allegations as true. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff must offer specific factual allegations to support each

claim." Kan. Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing Twombly, 550 U.S. at 555). A complaint survives only if it " 'states a plausible claim for relief,' " though courts recognize that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." Id. at 1214–15 (quoting Iqbal, 556 U.S. at 679).

Because Mr. Harvey proceeds pro se, the Court construes his filings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." Hall, 935 F.2d at 1110. Nonetheless, he must " 'follow the same rules of procedure that govern other litigants.' " Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)). Thus, Mr. Harvey "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.' " Jenkins v. Currier, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting Hall, 935 F.2d at 1110). While a court must make some allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" Hall, 935 F.2d at 1110, a court cannot act as the litigant's advocate, supply additional factual allegations, or develop a legal theory for him, see e.g., Smith, 561 F.3d at 1096.

### III.  DISCUSSION

42 U.S.C. § 1983 permits a plaintiff to sue state officials who violate that person's constitutional or federally protected rights. Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013). "A § 1983 claim requires a plaintiff to show both the existence of a federally-protected right and the deprivation of that right by a person acting under color of state

5

law." Wittner v. Banner Health, 720 F.3d 770, 773 (10th Cir. 2013). Although the elements required to establish a § 1983 claim differ depending on which rights are at issue, all actions under § 1983 require that a violation be traceable to a defendant state official's "own individual actions." Pahls, 718 F.3d at 1225 (quoting Iqbal, 556 U.S. at 676). To assert a viable claim under § 1983, a plaintiff must "identify specific actions taken by particular defendants" in violation of his rights. Id. at 1226 (quoting Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 532 (10th Cir. 1998)). "Supervisor status alone is insufficient to support liability, . . . unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise." Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996) (quoting Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993)).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676. However, the courts can hold a government official responsible for his own constitutional violations where "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Pahls, 718 F.3d at 1225 (quoting Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). Importantly, the supervisor's requisite "state of mind 'can be no less than the mens rea required' of [any of his] subordinates . . . to commit the underlying constitutional violation." Cox v. Glanz, 800 F.3d 1231, 1249 (10th Cir. 2015) (quoting Estate of Booker v. Gomez, 745 F.3d 405, 435 (10th Cir. 2014) (quoting Porro v. Barnes, 624 F.3d 1322, 1328 (10th Cir. 2010)))

6

(discussing the mens rea requirement in the summary judgment context).  When the defendant did not personally participate in the conduct or through personal authorization or supervision, the court should dismiss the § 1983 claims.

In this case, the Complaint attempts to state a § 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment for racial profiling in traffic stops.  To allege an equal protection claim against Commissioner Squires, Mr. Harvey must allege facts plausibly showing Commissioner Squires acted with the intent to discriminate based on race.  See Dodds, 614 F.3d at 1204 (citing Iqbal and acknowledging purposeful discrimination on the basis of race required for an equal protection claim).

Alternatively, the Complaint might allege a violation of Mr. Harvey's Fourth Amendment right to be free from unauthorized searches and seizures, as applied to the states through the Fourteenth Amendment.  To allege a Fourth Amendment illegal search and/or seizure claim against Commissioner Squires, Mr. Harvey must allege facts plausibly showing Commissioner Squires acted in adopting or overseeing particular policies and customs with the same state of mind an officer violating the Fourth Amendment through an illegal search and/or seizure acted.  See Cox, 800 F.3d at 1249 (discussing intent requirement in an Eighth Amendment case).  Thus, to allege Commission Squires violated Mr. Harvey's Fourth Amendment rights, the Complaint would need to allege a policy or custom implemented by Commission Squires that allows traffic stops and/or vehicle searches on less than probable cause or a reasonable articulable suspicion.  United States v. Winder, 557 F.3d 1129, 1134 (10th Cir. 2009); Felders v. Bairett, 885 F. Supp. 2d 1191, 1203-1204 (D. Utah 2012).

Lastly, the Complaint may allege a substantive due process claim against Commissioner Squires pursuant to the Fourteenth Amendment under a danger creation theory. "The classic case of state actors creating a danger so as to give rise to § 1983 liability is <u>Wood v. Ostrander</u>, where police officers placed plaintiff in danger by impounding her car and abandoning her in a high crime area at 2:30 a.m., thereby 'distinguish[ing] Wood from the general public and trigger[ing] a duty of the police to afford her some measure of peace and safety.' " <u>Uhlrig v. Harder</u>, 64 F.3d 567, 572 (10th Cir. 1995) (alteration in original) (quoting <u>Wood v. Ostrander.</u> 879 F.2d 583, 589–90 (9th Cir.1989)). The state of mind required to state a danger creation theory is reckless or intentional action that shocks the conscience. <u>Uhlrig</u>, 64 F.3d at 573.

In this case, Mr. Harvey asserts that Commissioner Squires, while acting as the Commissioner of the Highway Patrol, had statutory responsibility for establishing standards and qualifications, educating UHP employees, making rules for the Highway Patrol, and having a policy prohibiting UHP employees from detaining or searching an individual based on that person's race, color, ethnicity, age, or gender. (Am. Compl., ECF No. 19, ¶ 61.) Mr. Harvey further alleges that Commissioner Squires has responsibility for supervising officers and for the officers' conduct, discipline, training, and discharge. (<u>Id.</u>) Mr. Harvey states that Commissioner Squires "is responsible for making policy for the Department, its patrolmen and operations, and the Defendants [Officer] Butcher and [Officer] Simpson were acting pursuant to official policy or practice, custom, and usage of the Highway Patrol Department." (<u>Id.</u> at ¶ 62.) The Complaint takes much of its language from Utah Code section 53-8-104, which sets forth Commissioner Squires's responsibilities. These allegations coupled with the statute

8

may suffice to meet the first prong of the test for liability under a failure to supervise or train theory.  See Wilson, 715 F.3d at 856-57 (finding state law making wardens and sheriffs responsible for policies and customs sufficient to meet the first prong of the test).

However, the Complaint lacks any factual allegations to support the absence of a policy or the absence of training or the absence of supervision.  To meet this requirement, plaintiffs in other cases have specifically alleged other incidents with similar conduct.  Wilson, 715 F.3d at 857-58 (alleging policy and additional instances of detaining citizens in jail without written complaints or prompt probable cause determinations).  Alternatively, the Complaint would need to allege facts specifically about training or about Commissioner Squires's specific reaction to similar, prior incidents.  See Smith v. Bd. of Cty. Comm'rs., No. 09-026, 2010 WL 11505933, *12 (D.N.M. Aug. 23, 2010) (unpublished) (dismissing case where complaint failed to allege "facts to establish what the training was or should have been" or "a pattern of past constitutional violations").  In general, the Complaint must allege some facts to tie Commissioner Squires to the conduct at issue, which it does not.

Further, the Complaint does not allege that Commissioner Squires acted with the necessary state of mind.   The Complaint itself alleges Commissioner Squires acted negligently.  (Am. Compl. ¶ 70, ECF No. 19.)  In his Opposition to the Motion, Mr. Harvey specifically contends "nothing in the act 42 U.S.C. 1983 or its legislative history requires Plaintiff to address Defendant's state of mind."  (Pl.'s Opp'n to Def. Keith Squires's Mot. to Dismiss Am. Compl. at 7, ECF No. 31.)  Case law requires that the Complaint allege the state of mind required for the underlying constitutional violation.

9

Iqbal, 556 U.S. at 676-79; Pahls, 718 F.3d at 1225. As noted above, the underlying constitutional violations alleged in the Complaint require more than mere negligence. Neither the legal conclusions nor the factual assertions alleged in the Complaint claim that Commissioner Squires had the requisite state of mind for an equal protection claim or an illegal search and seizure claim or a substantive due process claim under § 1983.

Mr. Harvey's Amended Complaint fails to allege any factual specifics to alert Commissioner Squires as to what he did and fails to allege he acted with the state of mind required to allege the constitutional deprivations. Iqbal, 556 U.S. at 676-77. Even taking all of the well-pled facts in Mr. Harvey's complaint as true, he failed to state a 42 U.S.C. § 1983 claim against Commissioner Squires.

## IV. RECOMMENDATION

For the reasons addressed above, the undersigned RECOMMENDS the District Judge DISMISS Mr. Harvey's third cause of action against Commissioner Squires without prejudice. The Court will send copies of this Report and Recommendation to the parties and hereby notifies them of their right to object to the same. The Court further notifies the parties that they must file any objection to this Report and Recommendation with the clerk of the court, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), within fourteen (14) days of service thereof. Failure to file objections may constitute waiver of objections upon subsequent review.

DATED this 28th day of January, 2020.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge