IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TL HARVEY,<br><br>               Plaintiff,<br><br>v.<br><br>JAKE BUTCHER *et al.*,<br><br>               Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING THIRD CAUSE OF ACTION**<br><br>Case No. 1:18-cv-8-JNP-EJF<br><br>District Judge Jill N. Parrish |

Plaintiff TL Harvey brings this action under 42 U.S.C. § 1983. He alleges several counts of constitutional violations arising out of two consecutive traffic stops and a subsequent search of his vehicle. Mr. Harvey seeks damages from Keith Squires, the Commissioner of the Utah Department of Public Safety Highway Patrol ("Utah Highway Patrol"), in his individual capacity, and Jake Butcher and Thomas Simpson, two Utah Highway Patrol Officers, in their official and individual capacities. The court referred this matter to Magistrate Judge Evelyn J. Furse pursuant to 28 U.S.C. § 636(b)(1)(B). [Docket 10].

On March 12, 2019, Defendant Keith Squires filed a Motion to Dismiss Plaintiff's Third Cause of Action, which alleges a violation of 42 U.S.C. § 1983 against Mr. Squires for his failure to instruct, supervise, control, and discipline. In his motion to dismiss the cause of action, Mr. Squires argued that Mr. Harvey failed to allege any connection between Mr. Squires and the alleged constitutional violations at issue in this case. In addition, he contended that Mr. Harvey had failed to allege that Mr. Squires had the state of mind required to commit the violations.

On January 28, 2020, Magistrate Judge Furse issued a Report and Recommendation, recommending that the claim be dismissed. [Docket 96]. Judge Furse concluded that Mr. Harvey had failed to plead both that Mr. Squires was personally involved in the alleged constitutional violation and that Mr. Squires had the requisite state of mind to commit the alleged violation. Mr. Harvey filed a timely objection to the Report and Recommendation. [Docket 98]. Thus, the court "must determine de novo" whether his objection has merit. FED. R. CIV. P. 72(b)(3).

## DISCUSSION

Mr. Harvey's objection to Magistrate Judge Furse's Report and Recommendation closely resembles his initial response to Mr. Squires's motion to dismiss and does not clearly identify the portions of the report to which he objects. Because Mr. Harvey is a pro se plaintiff, however, the court will read his objection liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In doing so, the court has identified three objections to Magistrate Judge Furse's Report and Recommendation.

First, Mr. Harvey objects to the conclusion that a government employee must be personally involved in an alleged constitutional violation in order to be held liable for that constitutional violation. Second, to the extent that any personal involvement is required, Mr. Harvey objects to the conclusion that he has failed to sufficiently plead Mr. Squires's personal involvement in the alleged constitutional violation. Finally, Mr. Harvey contests the conclusion that, in order to be held liable for a subordinate's alleged constitutional violation, a supervising official must have had the state of mind required to commit that underlying violation.

The court addresses each of these objections in turn and overrules Mr. Harvey's objection. Magistrate Judge Furse's Report and Recommendation is adopted in whole.

## I.      Requirement That Mr. Squires Have Been Personally Involved

Magistrate Judge Furse concluded that Mr. Harvey failed to sufficiently plead Mr. Squires's personal involvement in the alleged constitutional violation. Mr. Harvey first objects to the contention that personal involvement must be pleaded at all.

Contrary to Mr. Harvey's argument, a plaintiff must plead the personal involvement of a government official in order to bring suit against that official for an alleged violation of the plaintiff's constitutional rights. While the official's direct participation in the violation is not necessary, there must be a link between the conduct at issue and the individual against whom suit is brought. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)) ("[C]ommon to all § 1983 . . . claims is the requirement that liability be predicated on a violation traceable to a defendant-official's 'own individual actions.'").

In short, a government official may not be held liable based solely on that official's status as a supervisor or policy maker. *Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996) ("[A] supervisor is not liable under § 1983 for the actions of a subordinate unless an 'affirmative link' exists between the constitutional deprivation and either the supervisor's personal participation or his failure to supervise."). Thus, a supervising government official can only be found liable if the official's individual conduct can be tied to the violation alleged. Mr. Harvey's objection to Magistrate Judge Furse's conclusion as to the requirements under law is therefore without merit.

## II.     Sufficiency of Mr. Harvey's Allegations That Mr. Squires Was Personally Involved

In addition to his objection to the conclusion that personal participation is necessary, Mr. Harvey objects to Magistrate Judge Furse's conclusion that he failed to plead Mr. Squires's

participation in the conduct at issue. Mr. Harvey argues that Mr. Squires is liable on a theory of supervisory liability, relying on Mr. Squires's status as the Utah Highway Patrol policymaker and supervisor. Having reviewed Mr. Harvey's complaint, the court finds that Magistrate Judge Furse was correct.

Supervisory liability allows a plaintiff to impose liability upon a defendant-supervisor who is responsible for a policy that has subjected the plaintiff to a deprivation of any of his constitutional rights. *Cox v. Glanz*, 800 F.3d 1231, 1248 (10th Cir. 2015). In order to establish the supervisory government official's personal participation in the constitutional violation alleged, the plaintiff must demonstrate: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

In the context of § 1983 claims, the Tenth Circuit has "stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls*, 718 F.3d at 1225. To that end, "it is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants.'" *Id.* at 1226 (emphasis in original) (quoting *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998)). This particularized approach "applies with full force" in the context of supervisory liability. *Id.* Thus, a plaintiff asserting supervisory liability must "identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation." *Id.*

Alternatively, to establish that a government official is liable on a theory of supervisory liability based on the supervisor's failure to train, the Tenth Circuit has suggested that a defendant-supervisor may be found liable "where there is essentially a complete failure to train, or training

4

that is so reckless or grossly negligent that future misconduct is almost inevitable." *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016).

Mr. Harvey's pleadings are limited to general allegations that Mr. Squires was responsible for setting policy and making customs, as well as hiring, training, and supervising Utah Highway Patrol employees and agents. He also notes that Mr. Squires, as the Commissioner of Utah Highway Patrol, was obligated to have a written policy prohibiting the stopping, detention, or search of any person when the action is motivated solely by considerations of race, color, ethnicity, age, or gender. He alleges that Defendants Butcher and Simpson were at all relevant times employees under the authority of Mr. Squires and that Mr. Squires knew or should have known about their conduct.

As has been noted, Mr. Harvey's complaint must do something to tie Mr. Squires, in his role as supervisor, to the alleged constitutional violation at issue in this case. For example, he could allege that Mr. Harvey promulgated a specific policy or custom that allowed for constitutional violations, such as a policy authorizing stops and searches on less than probable cause or reasonable articulable suspicion. *See Wilson v. Montano*, 715 F.3d 847, 857 (10th Cir. 2013) (finding that a plaintiff who identified a specific policy of "holding citizens without pending criminal charges until the court filed orders of release sua sponte" had sufficiently pleaded his claim on a theory of supervisory liability). Alternatively, he might allege facts specifically about the training provided by Mr. Squires, why it was reckless or grossly negligent in its insufficiency, and how it caused or failed to prevent the alleged constitutional violation. *See Smith v. Bd. of Cty. Comm'rs.*, 2010 WL 11505933, *12 (D.N.M. Aug. 23, 2010) (unpublished) (dismissing case where complaint failed to allege "facts to establish what the training was or should have been" or "a pattern of past constitutional violations").

Rather than making any such allegations, however, Mr. Harvey limits his pleadings to statements about Mr. Squires's obligations as a supervisor and policymaker. He alleges no facts relating to Mr. Squires's conduct or how it resulted in the constitutional violations alleged in this case. He also fails to identify a specific policy that Mr. Squires promulgated and does not allege any facts related to the training provided or authorized by Mr. Squires.

Simply stating that Mr. Squires is liable by virtue of his position as a supervisor and policymaker does not meet the pleading requirements for a supervisory liability claim brought under § 1983. Mr. Harvey's complaint therefore "fails to isolate the allegedly unconstitutional acts" of Mr. Squires. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008). It "does not provide adequate notice as to the nature of the claims against [him]." *Id.*

For the aforementioned reasons, Mr. Harvey has failed to sufficiently plead Mr. Squires's personal involvement in the alleged constitutional violation at issue in this case. He has therefore failed to plead Mr. Squires's liability under a theory of supervisory liability.

## III.    Supervisor's Requisite State of Mind

Finally, the Report and Recommendation concludes that, in order to recover from a supervisor for the constitutional violation of his subordinate, a plaintiff must allege that the supervisor had the state of mind necessary to commit the underlying constitutional violation. Mr. Harvey objects to this statement of the law.

Mr. Harvey argues that Mr. Squires's mental state is irrelevant to his § 1983 claim, noting that neither the language nor the legislative history of § 1983 articulates such a requirement. It is well settled in the case law, however, that there is a state of mind requirement in supervisory liability claims brought under § 1983. *Cox*, 800 F.3d at 1251 (noting that the plaintiff must establish that the defendant possessed no less than the *mens rea* required of any of the defendant's

subordinates to commit the constitutional violation); *Pahls*, 718 F.3d at 1226 ("Of course, in all cases, a plaintiff must show that each defendant acted with the requisite state of mind."); *Dodds*, 614 F.3d at 1200 (noting that supervisors must "act with the constitutionally applicable state of mind that caused the alleged constitutional violation" to be liable for a § 1983 claim). Thus, Magistrate Judge Furse's Report and Recommendation correctly identified the requirements for a § 1983 claim under the law. Mr. Harvey's argument that Mr. Squires's mental state need not be pleaded is without merit.

## IV.    Remaining Portions of the Report and Recommendation

Mr. Harvey's objection to Magistrate Judge Furse's Report and Recommendation addresses the issues noted above. He does not suggest that he pleaded facts beyond those addressed by Judge Furse. He also does not argue that he sufficiently pleaded that Mr. Squires had the requisite state of mind to commit the underlying constitutional violations at issue.

Due to his failure to object to any sections of the Report and Recommendation other than those addressed, Mr. Harvey has waived any argument that those sections were in error. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Having reviewed the Report and Recommendation, the court concludes that the remaining sections of the Report are not clearly erroneous. The court finds that the interests of justice do not warrant deviation from the waiver rule.

## CONCLUSION AND ORDER

For the aforementioned reasons, the court hereby **OVERRULES** Mr. Harvey's objection, [Docket 98], and **ADOPTS IN FULL** Magistrate Judge Furse's Report and Recommendation, [Docket 96]. Mr. Harvey's third cause of action is **DISMISSED**.

Signed May 18, 2020

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge