FILED
2021 AUG 6 AM 10:41
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TL HARVEY,<br><br>Plaintiff,<br><br>v.<br><br>JAKE BUTCHER *et al.*,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 1:18-cv-00008-JNP<br><br>District Judge Jill N. Parrish |

Before the court is pro se Plaintiff TL Harvey's ("Mr. Harvey") Motion for the Courts [sic] Reconsideration of Memorandum Decision and Order Adopting Report and Recommendation and Granting Defendants Jake Butcher and Thomas Simpson's Motion for Summary Judgment (the "Motion for Reconsideration"). ECF No. 126. Having carefully reviewed the parties' memoranda and the relevant law, the court denies the Motion for Reconsideration for the following reasons.

## BACKGROUND

On June 5, 2020, Defendants Jake Butcher and Thomas Simpson (collectively, "Defendants") moved for summary judgment under Federal Rule of Civil Procedure 56 on all claims asserted against them. ECF No. 104. On February 2, 2021, Magistrate Judge Daphne A. Oberg issued a Report and Recommendation to Grant Defendants Jake Butcher and Thomas Simpson's Motion for Summary Judgment. ECF No. 118. At the conclusion of the Report and Recommendation, Judge Oberg notified the parties that, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), any objection that they wished to file in response to the Report and Recommendation must be filed "within fourteen (14) days of receiving it" and that a

failure to raise a timely objection "may constitute waiver of objections upon subsequent review." *Id.* at 28.

On February 19, 2021, Mr. Harvey timely objected to Judge Oberg's Report and Recommendation. ECF No. 119. On February 22 and 24, 2021, additional memoranda containing objections to Judge Oberg's Report and Recommendation were delivered to the court and filed. ECF Nos. 120, 121, 122.

On March 29, 2021, the court entered its Memorandum Decision and Order Adopting Report and Recommendation and Granting Defendants Jake Butcher and Thomas Simpson's Motion for Summary Judgment (the "Memorandum Decision"). ECF No. 123.[1] In its Memorandum Decision, the court found that Mr. Harvey's objection to Judge Oberg's Report and Recommendation filed on February 19, 2021 (ECF No. 119) was timely, as it was filed on the last day permitted by the Federal Rules of Civil Procedure. The court found that the additional memoranda that were delivered and filed on February 22 and 24, 2021 (ECF Nos. 120, 121, 122), however, were not timely. The court further concluded that Mr. Harvey had waived the objections contained in the untimely-filed additional memoranda and that neither the uninformed pro se litigant exception nor the interests of justice exception to the firm waiver rule applied. On April 12, 2021, Mr. Harvey filed the instant Motion for Reconsideration. ECF No. 126.

## LEGAL STANDARD

Mr. Harvey does not specify the Federal Rule of Civil Procedure under which he brings his Motion for Reconsideration. Technically, "[a] motion for reconsideration [is] not recognized by

---

[1] The court also entered Judgment in favor of Defendants and against Mr. Harvey on March 29, 2021. ECF No. 124.

2

the Federal Rules of Civil Procedure." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). Courts accordingly construe a motion for reconsideration as a motion to alter or amend the judgment under Rule 59(e) or as a motion for relief from judgment under Rule 60(b), depending on when the motion is filed. *Id.*; *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) ("Which rule applies to a motion depends essentially on the time a motion is served.")[2]. Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than [twenty-eight] days after the entry of the judgment." FED. R. CIV. P. 59(e). Because Mr. Harvey filed his Motion for Reconsideration within twenty-eight days after the entry of judgment, the court construes his motion as one seeking relief under Rule 59(e).

The Tenth Circuit has recognized the following grounds as warranting a motion to reconsider: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is therefore appropriate "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Mr. Harvey has not cited an intervening change in the law or presented new evidence previously unavailable. Rather, Mr. Harvey appears to argue that the court erred or worked a manifest injustice in finding that he waived the objections contained in his untimely-filed additional memoranda. The court considers Mr. Harvey's argument below.

---

[2] At the time at which *Van Skiver* was decided, Rule 59 required that a motion to alter or amend a judgment be filed within ten days after the entry of judgment. *Ysais v. Richardson*, 603 F.3d 1175, 1178 n.3 (10th Cir. 2010). "Effective December 1, 2009, Rule 59 has been amended to provide that a motion to alter or amend a judgment may be filed within [twenty-eight] days after the entry of judgment." *Id.*

3

## ANALYSIS

Mr. Harvey asks the court to reconsider its finding that his additional memoranda filed on February 22 and 24, 2021 (ECF Nos. 120, 121, 122) were untimely filed and that he waived the objections contained therein. In support of his Motion for Reconsideration, Mr. Harvey generally cites the impact that the COVID-19 pandemic has had on federal courts and the United States Postal Service. Mr. Harvey argues that "[t]he court does not know when Mr. Harvey received by mail the Magistrate Judge's 'Recommendation,'" and states that based on his own calculations, February 24, 2021 was the last day for him to file his objections. ECF No. 126 at 2. Mr. Harvey also states that the pandemic has affected his access to the law library.

The court is not persuaded by Mr. Harvey's arguments. Mr. Harvey does not state when he received Judge Oberg's Report and Recommendation, and the court will not defer to Mr. Harvey's conclusory calculation that his objections were due by February 24, 2021. By the court's calculation, as set forth in its Memorandum Decision (ECF No. 123), Mr. Harvey's objections were due by February 19, 2021. To the extent that Mr. Harvey required more time to file his additional objections (ECF Nos. 120, 121, 122) because of the impact that the pandemic had on his receipt of Judge Oberg's Report and Recommendation and on his access to the law library, he could have requested an extension.[3] He did not do so. Thus, for the reasons set forth in its

---

[3] Mr. Harvey has previously requested extensions in this case pertaining to other matters. ECF Nos. 33, 43, 65, 107. Mr. Harvey could have similarly requested an extension to file his objections here. Further, if Mr. Harvey thought that he had until February 24, 2021 to file his objections, the court is befuddled as to why he would file his objections in a serial fashion on February 19, 22, and 24 instead of filing all of his objections on February 24.

Memorandum Decision (ECF No. 123), the court reaffirms its conclusion that Mr. Harvey waived the arguments contained in his untimely additional objections (ECF Nos. 120, 121, 122).[4]

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Mr. Harvey's Motion for Reconsideration (ECF No. 126) is DENIED.

DATED August 6, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[4] The court also notes that Judge Oberg's Report and Recommendation was thorough, well-researched, well-reasoned, and devoid of error. Even conducting a de novo review of the portions of Judge Oberg's Report and Recommendation to which Mr. Harvey timely and untimely specifically objected, the court still adopts the Report and Recommendation in full.