IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TL HARVEY,<br><br>    Plaintiff,<br><br>v.<br><br>JAKE BUTCHER and THOMAS SIMPSON,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER<br>ON MOTIONS IN LIMINE**<br><br>Case No. 1:18-cv-0008-JNP<br><br>District Judge Jill N. Parrish |

Proceeding pro se, T.L. Harvey ("Mr. Harvey") seeks compensation under 42 U.S.C. § 1983 for the violation of his constitutional rights by Jake Butcher ("Mr. Butcher") and Thomas Simpson ("Mr. Simpson") (collectively, "Defendants"). Before the court at this time are the Defendants' motions in limine filed in anticipation of trial. ECF Nos. 186-95, 212.

## FACTUAL BACKGROUND

### A.  Factual Predicate

On January 11, 2016, Mr. Harvey was driving eastbound on Interstate 84 through Utah towards Wyoming. The vehicle Mr. Harvey was driving had tinted windows and Arizona plates. At 2:24 p.m., Mr. Simpson, a Utah Highway Patrol trooper, stopped Mr. Harvey to determine whether the vehicle's windows were unlawfully tinted under UTAH CODE ANN. § 41-6a-1635(1)(b). Using a device called a tint meter, Mr. Simpson determined that the vehicle's windows were, in fact, too dark, and ran checks on Mr. Harvey's license and registration. Mr. Simpson gave Mr. Harvey a warning and sent him on his way at 2:40 p.m. The stop lasted eighteen minutes.

After Mr. Harvey drove away, Mr. Simpson messaged Mr. Butcher, another trooper, on an

internal messaging system:

> [Officer Simpson]: got a car for you to go stop.
> [Officer Butcher joins chat]
> [Officer Simpson]: I just let him go[.] [H]e['s] proba[bl]y at about milepost 100-
> 101 on I-84 east
> [Officer Butcher]: what you got?
> [Officer Simpson]: red. Volks with [Arizona] plates
> [Officer Simpson]: it['s] a lease car so it[']s to the guy but he[']s from [M]inn[e]sota
> [Officer Simpson]: keeps do[d]ging my questions of where[] he[']s coming from
> [Officer Butcher]: ok [I']ll hurry and head that way
> [Officer Simpson]: window tint measured 27%
> [Officer Simpson]: so easy stop but if you can run your dog you might get
> something
> [Officer Butcher]: ok thanks. I[']ll watch for i[t]
> [Officer Simpson]: AZ limit is 33% and MN limit is 50%
> [Officer Simpson]: either way he[']s under
> [Officer Butcher]: ok sounds good
> [Officer Simpson]: FYI he[']s been stopped prior in Utah for window tint
> accordi[n]g to RMS
> [Officer Simpson]: can[']t even see the driver through [t]he window tint[.]

ECF No. 104-6.

Subsequently, at 3:07 p.m., Mr. Butcher stopped Mr. Harvey. This was the second stop.

During this stop, Mr. Butcher again requested Mr. Harvey's license and registration. While waiting

for records checks, Mr. Butcher walked his narcotics dog around Mr. Harvey's vehicle. When Mr.

Butcher saw the police dog signal and point at the left taillight (indicating the possible presence of

narcotics), he asked Mr. Harvey to step out of the vehicle while he searched it.

Mr. Harvey complied but requested that a police supervisor be present during the search.

A supervisor, Bryce Rowser ("Mr. Rowser"), arrived on-scene around 3:40 p.m., about thirty

minutes after the second stop began. Mr. Butcher then searched the car and found no narcotics. He

issued Mr. Harvey a warning citation for the window tint violation after again measuring the

windows' tint with a tint meter. The second stop ended at 4:22 p.m.[1] The duration of the second stop was thus about 75 minutes.

### B. Procedural History

Mr. Harvey filed suit in January 2018. Under the operative complaint, ECF No. 19, he asserts three causes of action. First, Mr. Harvey claims that Mr. Simpson and Mr. Butcher conspired with each other and violated the Fourth Amendment's prohibition against unreasonable searches and seizures, and the Fourteenth Amendment's guarantees of equal protection and due process. Second, he claims that Mr. Butcher violated the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's guarantee of due process by having him stand outside in the cold pending the search of his car. Third, Mr. Harvey asserted that Utah Highway Patrol Commissioner Keith Squires ("Mr. Squires") failed to adequately instruct, supervise, control, and discipline the officers.

On May 18, 2020, this court dismissed Mr. Harvey's third cause of action because the Amended Complaint failed to sufficiently plead Mr. Squires's personal involvement in the alleged constitutional violation and did not adequately allege that Mr. Squires acted with the necessary state of mind. ECF No. 100 at 6-8. In March of 2021, this court then adopted the recommendation of the magistrate judge to grant summary judgment in favor of the Defendants. ECF No. 123.[2] The magistrate judge had recommended that summary judgment be granted because Defendants were

---

[1] The Tenth Circuit, in its order and judgment, states that the second stop ended at 4:11 p.m. ECF No. 145 at 5. However, reference to Mr. Butcher's daily log shows that the stop concluded at 4:22 p.m. *See* ECF No. 104-9 at 4.

[2] *Harvey v. Butcher*, 2021 U.S. Dist. LEXIS 61196 (D. Utah Mar. 29, 2021) (adopting the report and recommendation of the magistrate judge in *Harvey v. Butcher*, 2021 U.S. Dist. LEXIS 63012 (D. Utah Feb. 2, 2021)).

entitled to qualified immunity with respect to the federal claims and because Mr. Harvey had failed to show a flagrant violation of his rights under the Utah Constitution. Mr. Harvey, in turn, filed three sets of objections to the magistrate judge's report and recommendation.

This court concluded, however, that only Mr. Harvey's first objection was timely filed, and that his additional memoranda outlining his other objections were untimely filed. The court decided that these additional objections were waived and that no exception to the waiver rule applied. Based on its interpretation of the scope of Mr. Harvey's first set of objections, the court limited its review to Mr. Harvey's arguments that, under Fourth Amendment precedent, (a) Mr. Simpson's questions unconstitutionally prolonged the first stop, and (b) that Mr. Simpson's call ahead to Mr. Butcher unconstitutionally prolonged the stop.[3] Thus, this court only considered Mr. Simpson's conduct.

The court concluded that neither Mr. Simpson's questions during the first stop, nor Mr. Simpson's call to Mr. Butcher, unconstitutionally prolonged the stop. Because there was no constitutional violation, this court concluded that Mr. Simpson was entitled to qualified immunity.[4] The court noted, however, that Mr. Harvey "did not timely object to [Mr.] Butcher's traffic stop." ECf No. 123 at 16-17. Mr. Harvey subsequently moved this court to reconsider its decision that

---

[3] Mr. Harvey also objected to the report and recommendation's conclusion that he was not entitled to an adverse inference due to the alleged spoliation of evidence. Mr. Harvey did not "argue that Defendants are not entitled to qualified immunity with respect to his Fourteenth Amendment equal protection claim, his Eighth Amendment cruel and unusual punishment claim, or his § 1985 conspiracy claim." *Harvey v. Butcher*, 2021 U.S. Dist. LEXIS 61196, at *22.

[4] Additionally, this court overruled Mr. Harvey's objections to the magistrate judge's conclusion that he was not entitled to an adverse inference due to the alleged spoliation of evidence.

the subsequent memoranda outlining Mr. Harvey's objections were untimely filed. This court denied Mr. Harvey's motion. ECF No. 138.[5]

Mr. Harvey appealed the entry of summary judgment. On appeal, the United States Court of Appeals for the Tenth Circuit, in an unpublished order, reversed. ECF No. 145.[6] The Tenth Circuit disagreed with this court's interpretation of the scope of Mr. Harvey's first set of objections. In particular, the Tenth Circuit concluded that Mr. Harvey's citation, in his objection memorandum, to *United States v. Peters*, 10 F.3d 1517 (10th Cir. 1993), and *Rodriguez v. United States*, 575 U.S. 348 (2015), were consistent with an objection to the magistrate judge's ruling on his Fourth Amendment claim against both troopers.

Thus, the Tenth Circuit held that Mr. Harvey's timely objection preserved for review by the district court the lawfulness of both traffic stops and the resulting search—not just the first stop and the call ahead. Because this court's interpretation of Mr. Harvey's timely objections was unduly narrow, the Tenth Circuit remanded the issue to this court for further proceedings. The Tenth Circuit declined to address further legal issues related to the constitutionality of the stop or qualified immunity, but nonetheless noted that this court failed to address *Peters* or a relevant portion of *Rodriguez*. Additionally, the Tenth Circuit's reversal was limited to the issue of whether Mr. Harvey waived his objections to the second stop for the purposes of the Fourth Amendment. It did not disturb this court's entry of summary judgment as to the other claims.

---

[5] *Harvey v. Butcher*, 2021 U.S. Dist. LEXIS 149206 (D. Utah Aug. 6, 2021).

[6] *Harvey v. Butcher*, 2022 U.S. App. LEXIS 19420 (10th Cir. July 14, 2022).

On remand, this court changed course on Mr. Harvey's Fourth Amendment claim and denied Defendants' motion for summary judgment on August 2, 2023. ECF No. 154.[7] Interpreting Mr. Harvey's objection to the magistrate judge's recommendation more broadly, the court considered whether the second stop, and Mr. Butcher's conduct, may have constituted a violation of Mr. Harvey's rights against unreasonable search and seizure. Following *Peters*, the court concluded that a reasonable jury could find that Defendants violated Mr. Harvey's rights, which were clearly established at the time of the stops. *Id*. The court then set an initial trial date for February 6, 2024. ECF No. 171.

### C.  The Instant Motions

Defendants, in anticipation of trial, conceded liability for the deprivation of Mr. Harvey's constitutional rights. ECF No. 196 at 2. Thus, "[t]he only issue for trial is for the jury to determine the damages that flow from this constitutional violation." *Id*. In conjunction with their concession of liability, Defendants filed ten motions in limine to narrow the range of evidence and arguments to be presented to the jury at trial. Mr. Harvey generally opposed each motion. ECF No. 198 ("First Opp'n Mem.") at 1. However, the arguments laid out in each of his several opposition memoranda are directed only towards some (but not all) of the motions. To a large extent, Mr. Harvey makes clear in his opposition memoranda that he seeks to hold the Defendants accountable for what he believes to be racially motivated and discriminatory acts against him.[8] Subsequently, the February

---

[7] *Harvey v. Butcher*, 2023 U.S. Dist. LEXIS 135475 (D. Utah Aug. 2, 2023).

[8] Mr. Harvey also raises number of issues and objections related to the Magistrate Judge's past evidentiary rulings and requests a stay of trial so that he can depose the Defendants. However, the time for objections to past discovery and evidentiary decisions by the Magistrate Judge has passed. Similarly, the court declines any invitation to stay the trial for continued discovery.

6, 2024 trial date was continued. The trial was re-scheduled for July 17 and 18, 2024. ECF No. 216. Defendants filed an eleventh motion in limine related to proposed exhibits that Mr. Harvey disclosed nearly a month after the deadline for doing so had passed. ECF No. 212. The court held oral argument on the motions in limine on May 2, 2024.

## ANALYSIS

This order resolves eleven motions in limine. These motions involve a range of issues, the specific legal standards for which are outlined below in conjunction with each motion. At the outset, the court reiterates that relevant evidence is generally admissible unless excluded under the United States Constitution, federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. To be relevant under the Federal Rules, evidence need only "have a tendency to make a fact more or less probable than it would be without the evidence" where such fact "is of consequence in determining the action." FED. R. EVID. 401. That is, evidence must be probative of a material fact. This bar is "not a high one." *United States v. Cerno*, 529 F.3d 926, 934 n.5 (10th Cir. 2008).

The Federal Rules of Evidence provide, however, that relevant evidence may be excluded where its probative value is "substantially outweighed" by a risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.[9] However, as the Tenth Circuit has made clear, excluding relevant

---

[9] In many of their motions, Defendants cursorily state that pieces of evidence or arguments would be unduly prejudicial. However, Defendants offer no reasoning or argument as to why any evidence is unduly prejudicial under the Rule. While such general invocations of Rule 403 may be adequate to preserve the issue of unfair prejudice, *United States v. Herrera*, 51 F.4th 1226, 1253 (10th Cir. 2022), Defendants fail to provide any persuasive rationale for excluding any evidence on the basis of Rule 403.

evidence is "an extraordinary remedy to be used sparingly," and does not protect parties from all prejudice, only unfair prejudice. *United States ex rel. Barrick v. Parker-Migliorini Int'l, LLC*, 79 F.4th 1262, 1275 (10th Cir. 2023). Finally, " our law favors admission of all relevant evidence not otherwise proscribed." *United States v. Irving*, 665 F.3d 1184, 1213 (10th Cir. 2011).[10]

## I.      Punitive Damages (ECF No. 192)

Defendants move to prevent the instruction of the jury on the issue of punitive damages. ECF No. 192. In § 1983 cases, punitive damages are appropriate "when [a] defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Eisenhour v. Weber Cty.*, 897 F.3d 1272, 1280 (10th Cir. 2018) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)); *Wren v. Spurlock*, 798 F.2d 1313, 1322 (10th Cir. 1986).[11] Thus, an award of punitive damages requires assessment of a defendant's subjective state of mind. *Wulf v. City of Wichita*, 883 F.2d 842, 867 (10th Cir. 1989). An award of punitive damages also necessarily entails a "discretionary moral judgment" by the fact-finder. *Lavicky v. Burnett*, 758 F.2d 468, 477 (10th Cir. 1985) (quoting *Smith*, 461 U.S. at 52). While the

---

[10] The presumption that the jurors ought to hear and consider relevant evidence as they render a true verdict is designed to empower the jury and ultimately reflects the fact that the instructional jury trial is "a fundamental reservation of power" for the American people "in our constitutional structure" to "ensure their control in the judiciary." *Blakely v. Washington*, 542 U.S. 296, 306 (2004) (citing Letter XV by the Federal Farmer (Jan. 18, 1788), reprinted in 2 THE COMPLETE ANTI-FEDERALIST 315, 320 (H. Storing ed. 1981) (describing the jury as "secur[ing] to the people at large, their just and rightful [control] in the judicial department"); John Adams, Diary Entry (Feb. 12, 1771), reprinted in 2 WORKS OF JOHN ADAMS 252, 253 (C. Adams ed. 1850) ("[T]he common people, should have as complete a control . . . in every judgment of a court of judicature" as in the legislature)).

[11] Reckless or callous indifference requires that a defendant have acted in the face of a perceived risk that his actions will violate federal law. *Eisenhour*, 897 F.3d at 1281 (citing *Kolstad v. ADA*, 527 U.S. 526, 536 (1999). It is thus necessary for there to be evidence of an additional required mens rea—that he perceived that he was violating a plaintiff's federal rights. *Id.*

trier of fact has the discretion to determine the appropriate amount of punitive damages, the sufficiency of the evidence supporting such an award is a legal question. *Wulf*, 883 F.2d at 867.

Because the propriety of punitive damages—or an instruction on the same—necessarily turns on the sufficiency of evidence regarding Defendants' state of mind, the court concludes that it would be premature to make any final determination as to the availability of punitive damages at this juncture. "[S]uch a sensitive and fact intensive analysis . . . should be based only on the facts as they emerge at trial." *United States v. Reed*, 114 F.3d 1067, 1070.[12] If sufficient evidence is put forward at trial to support a jury's finding that Defendants acted with the culpable mental state, then the instruction will be appropriate and the jury will be permitted to exercise its moral discretion. If sufficient evidence is not developed at trial, Defendants will be free to move for judgment as a matter of law at the conclusion of Mr. Harvey's case-in-chief.

In any case, Defendants' suggestions that allowing Mr. Harvey to question the Defendants regarding their mental state at trial would be highly prejudicial, or might taint the jury's deliberation, unduly discounts the wisdom of the jury, and reflects a tortured view of trial procedure. Defendants offer no argument as to why such questioning would be unduly or unfairly prejudicial. Although implying that Defendants acted with culpable motive is certainly not beneficial to their case, it is also by no means an improper basis for the jury's decision. *See United States v. Martinez*, 92 F.4th 1213, 1241 (10th Cir. 2024) ("[U]nfair prejudice means an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one.") (cleaned up). Thus, this motion is **DENIED**.

---

[12] In *Reed*, the Tenth Circuit considered a constitutional challenge against a criminal statute for vagueness. However, the court understands the same rationale cited in *Reed*—that some motions are only properly resolved based upon facts as they emerge at trial—is applicable here, as well.

9

## II.        Evidence Regarding Plaintiff's Race (ECF No. 186)

Next, Defendants move to exclude "any and all references to racial profiling or any indication that race precipitated the stop, detention, questioning[,] or search of Plaintiff[] and his vehicle." ECF No. 186. Defendants further threaten to move for mistrial should such evidence be introduced on the grounds that it would be irrelevant. But the matter of Mr. Harvey's race may be relevant to at least the issue of compensatory damages. Mr. Harvey's race (and his perception of racialized dynamics at play in interactions with the police) may plausibly inform the mental anguish or humiliation he suffered as a result of the second stop. *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (compensatory damages in a § 1983 action may include not only out-of-pocket loss and other monetary harms, but also include injuries as impairment of reputation, personal humiliation, and mental anguish and suffering); *accord Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974).[13]

---

[13] "The cardinal principle of damages in Anglo-American law is that of compensation for the injury caused to plaintiff by defendant's breach of duty." *Carey v. Piphus*, 435 U.S. 247, 254-55 (1978) (quoting 2 F. HARPER & F. JAMES, LAW OF TORTS § 25.1, p. 1299 (1956)). "[W]hatever the constitutional basis for § 1983 liability, such damages must always be designed to compensate injuries caused by the [constitutional] deprivation." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 309 (1986) (cleaned up).

Damages for mental suffering and emotional distress "can flow directly from a constitutional violation and, when proven, are compensable." *Rakovich v. Wade*, 819 F.2d 1393, 1399 (7th Cir. 1987), *on reh'g en banc*, 850 F.2d 1180, *cert. denied*, 488 U.S. 968 (1988); *see also Memphis Community Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986). A jury instructed to consider compensatory damages for emotional harm is asked to place a dollar amount on one person's suffering. The inquiry is inherently subjective, *see Ferrill v. Parker Group, Inc.*, 168 F.3d 468, 476 (11th Cir. 1999), as jurors bring their own experiences to bear on another person's humiliation, discomfort, and shame. *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1213 (11th Cir. 2010); *cf. Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1009 (2nd Cir. 1995) ("[C]ompensation for suffering can be accomplished only in a symbolic and arbitrary fashion.").

A plaintiff seeking compensatory damages for emotional injuries cannot rely on "conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional

Additionally, Defendants' cursory argument that references regarding race should be excluded under Rule 403 is unavailing. Defendants offer no reasoning or argument supporting their request and begin from the incorrect starting point that the references lack any probative value whatsoever. As elsewhere, Defendants fail to argue or explain how they might suffer prejudice in the determination of damages (rather than liability), or that the alleged prejudice at issue would be unfair. *See Martinez*, 92 F.4th at 1241.

Defendants' perfunctory arguments that race is wholly irrelevant or unfairly prejudicial are unpersuasive, and their motion is **DENIED**. The court acknowledges, however, that the sorts of charged attacks and vitriolic rhetoric alleging racism or racial animus, without any basis—as are found throughout Mr. Harvey's pleadings and memoranda—would be totally inappropriate at trial. Mr. Harvey is urged to hew to the facts of the case and the particular conduct of the Defendants and avoid straying into overcharged generalizations and political polemic. This trial will not be a free-roving inquiry into police misconduct generally.

### III. Statements Related to Historical Events, Recent Police Events, and Media References (ECF No. 187)

Defendants also move to exclude "any and all references to irrelevant facts of historical events, recent national or local police cases, and any media coverage thereof." ECF No. 187. On

---

violation occurred," but, rather, "the testimony must establish that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001). This is not to say, however, that an injured person's testimony, standing alone, will never be sufficient to establish damages. *Rakovich*, 819 F.2d at 1399 n.6 (citing *Crawford v. Garnier*, 719 F.2d 1317, 1324 (7th Cir. 1983)). Rather, "when the injured party provides the sole evidence [of mental distress], he must reasonably and sufficiently explain the circumstances of his injury and not resort to mere conclusory statements." *Id*.; *see also Biggs v. Dupo*, 892 F.2d 1298, 1304 (7th Cir. 1990).

its face, this motion is entirely redundant (much like some of Defendants' other motions, as discussed below)—after all, "references to *irrelevant* facts" are irrelevant, and thus already inadmissible under the Federal Rules of Evidence. However, to the extent that Defendants' motion truly regards *any* historical events, it deserves more attention.

For the most part, these references, or the fact of certain police misconduct in other cases, are irrelevant to any fact at issue at trial. The court acknowledges that any evidence or testimony of this sort (that is, commenting on unrelated instances of police violence or misconduct) is a very short trip to total irrelevance. For example, more than passing mention to Mr. Harvey's subjective knowledge and fears at the time of the stops will likely transgress into irrelevance, perhaps even prejudice. To the extent that Mr. Harvey was subjectively aware of such historical events or police events at the time of the stops, however, and to the extent that this subjective awareness informed his suffering, mental anguish, etc., they may conceivably be relevant to the issue of compensatory damages for the reasons discussed above.

As above, Defendants' drive-by reference to Rule 403 is unsupported by any argument, citations, or reasoning. They begin from the incorrect assumption that any evidence regarding historical events necessarily lacks any probative value. Without any argument or explanation, their citation to Rule 403 fails to provide a basis for otherwise admissible evidence, and is thus unavailing. Defendants' motion is **DENIED**.

## IV. Damages Related to Plaintiff's Litigation of this Action and Other Issues (ECF No. 188)

### a) Time spent litigating this action

Through its next motion, Defendants move to exclude references to certain categories of damages. Defendants first move to exclude references to the amount of time Mr. Harvey has spent

litigating this case. At oral argument, Mr. Harvey represented that the time spent litigating this matter will not be brought to issue. Thus, the court concludes that an order on this matter is not necessary at this juncture.

### b) Lost wages

Next, Defendants argue that Mr. Harvey should not be allowed to offer testimony regarding lost earning capacity without expert testimony. At oral argument, Mr. Harvey suggested (but did not conclusively state) that this sort of economic damages would not be argued. However, for the sake of clarity, the court elects to resolve Defendants' motion before trial. In another case, this court determined that "[a] prediction of how the allegedly tortious behavior of Defendants [would] affect Plaintiff's future earnings requires the specialized knowledge of an expert. First, an expert is needed to determine whether any deleterious effects will continue into the future, and how these effects will impact Plaintiff's prospective wages." *D.C. v. Hasratian*, 2018 WL 9991275, at *2 (D. Utah Jan. 26, 2018). This proposition remains true for the reasons laid out in that order. Thus, any testimony regarding lost economic opportunities may not be offered except by a duly qualified expert witness.

### c) Medical Problems

Finally, Defendants cursorily move to exclude testimony regarding medical problems suffered by Mr. Harvey as a result of the stop unless offered by an expert witness. But this motion, untethered from any concrete proffered evidence or arguments, is too broad. The propriety of non-expert testimony necessarily turns on the nature of the evidence to be offered and the character of the medical problems at issue.

In some cases, "[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson

13

is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional." *Jandreau v. Nicholson*, 492 F.3d 1372, 1377 (Fed. Cir. 2007); *accord Wallace v. McGlothan*, 606 F.3d 410, 420 (7th Cir. 2010) ("[E]xpert testimony is not required when the issue of causation is within the understanding of a lay person."); *accord Willis v. Royal Caribbean Cruises, LTD*, 77 F.4th 1332, 1337 (11th Cir. 2023); *Taylor v. Shreeji Swami, Inc.*, 820 F. App'x 174, 176-77 (4th Cir. 2020) (unpublished).[14] Defendants' argument that all things regarding health conditions require expert testimony is thus unfounded. Mr. Harvey signals that the medical condition he would bring to issue at trial is a "lingering case of the flu." First Opp'n Mem. At 11. This may well be the sort of condition that can be supported by lay testimony and a layperson's understanding.[15] As a result, the court will defer ruling on this matter until trial.

---

[14] Under FED. R. EVID. 701, non-expert witnesses may offer opinion testimony limited to that "rationally based on the witness's perception[,] helpful to clearly understanding the witness's testimony or to determining a fact in issue[,] and [] not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." This court has the discretion "to exclude lay witness testimony for other reasons contemplated by the Federal Rules of Evidence, among them (1) Rule 701 (whether the testimony is rationally based on perceptions of the witness and would be helpful to the trier of fact); and (2) Rule 403 (whether the evidence is cumulative or its helpfulness is outweighed by unfair prejudice)." *United States v. Goodman*, 633 F.3d 963, 969 (10th Cir. 2011).

A "[c]ausal connection may be proved by circumstantial evidence," provided the evidence has "sufficient probative force to constitute the basis for a legal inference, rather than mere speculation, and the circumstances proved . . . lead to the conclusion with reasonable certainty and probability." *Sw. Stainless, Ltd. P'ship v. Sappington*, 582 F.3d 1176, 1185 (10th Cir. 2009). Causation may also "be proved by circumstantial evidence if the evidence has sufficient probative force to constitute the basis for a legal inference." *Meyer v. Gibson*, 17 F. App'x 821, 823 (10th Cir. 2001) (unpublished).

[15] Here, as above, Defendants cite Rule 403, but fail to offer argument or explanation regarding their prejudice argument. The court declines to make any argument for them, and denies their motion on this ground.

## V.      Evidence Related to Defendants' Employment and Disciplinary History (ECF No. 189)

Defendants move to exclude evidence related to their employment and disciplinary history.

ECF No. 189. Rule 404(b) of the Federal Rules of Evidence provides:

> Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b)(1)-(2).

This court considers four elements in determining the admissibility of evidence offered under this rule: "(1) whether the evidence is offered for a proper purpose, (2) its relevancy, (3) that the probative value of the evidence is not substantially outweighed by its prejudicial effect, and (4) [that] a limiting instruction is given if the defendant so requests."[16] *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)). Regardless of whether the evidence proffered arises from conduct prior or subsequent to the charged offense, the determination of its admissibility demands "case-specific inquiry," and is ultimately within the district court's broad discretion. *Id*. at 1157; *United States v. Olivo*, 80 F.3d 1466, 1469 (10th Cir. 1996).

---

[16] *Mares* further explains that, under prong (1), a proper purpose includes the purposes enumerated in Rule 404(b); under prong (2), relevancy refers to proving or disproving the elements necessary to the charged offense; prong (3) relates to the balancing test laid out under FED. R. EVID. 403; and, as to (4): "[t]he limiting instruction must caution the jury to consider the evidence only for the limited purposes for which it is admitted and not as probative of bad character or propensity to commit the charged crime." 441 F.3d at 1156-57.

Generally, the standard for satisfying Rule 404(b) admissibility is permissive: if the other-act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403. *United States v. Irving*, 665 F.3d 1184, 1211 (10th Cir. 2011); *United States v. Cushing*, 10 F.4th 1055, 1075 (10th Cir. 2021). When other-act evidence is admitted for a proper purpose and is relevant, it may be admissible even though it has "the potential impermissible side effect of allowing the jury to infer criminal propensity." *United States v. Cherry*, 433 F.3d 698, 701 n.3 (10th Cir. 2005) (quotation omitted). Contrary to Defendants' assertion to the contrary, Defendants' intent may be at issue as the jury considers the propriety of punitive damages (as is discussed above). Thus, some evidence of other acts may be relevant to the question of Defendants' intent.[17]

However, some of the particular pieces of evidence that Mr. Harvey purports to offer are irrelevant and inadmissible. This includes evidence regarding the fact of litigation involving Mr. Butcher related to another stop a year after Mr. Harvey's interactions with Mr. Butcher.[18] That action was terminated by a stipulated dismissal, and no inferences bearing on Mr. Butcher's mental state at the time of the stop or any other fact at issue can be drawn from the fact of the litigation. The court additionally concludes two pieces of evidence—(1) an official notice imposing discipline against Mr. Simpson related to pursuit speeds, ECF No. 109 at 109-110 (presented to the court at oral argument as Plaintiff's proposed exhibit 37); as well as (2) a notice imposing discipline against Mr. Simpson for failing to improperly notate money seized during the

---

[17] Defendants' citation to Rule 403, without any argument or explanation, is unavailing for the reasons discussed above.

[18] *Guerra-Palomares v. UHP*, Case No. 2:18-cv-920-BSJ.

confiscation of a large quantity of a controlled substance, *Id.* at 106, 112 (presented to the court at oral argument as Plaintiff's proposed exhibits 39, 41)—are irrelevant to any material fact. The unrelated conduct at issue in those disciplinary matters—high-speed pursuit conduct and failure to notate funds seized in official records—does not bear on Mr. Simpson's motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident during Mr. Harvey's stop.[19] Because the particular evidence Mr. Harvey would offer under Rule 404(b) is irrelevant, this motion is **GRANTED** as to the evidence mentioned here. It is otherwise **DENIED**.

**IN PART AND DENIED IN PART**.

## VI.   Evidence Related to Settlement Discussions (ECF No. 190)

Defendants move to preclude "any and all references to irrelevant facts regarding any settlement discussions or offers he has received from Defendants." ECF No. 190. The motion does little—if anything—more than offer an oversimplified restatement of Federal Rule of Evidence 408. No particular evidence is referenced. Rule 408 is already binding, and there is no need to raise it as a motion in limine to invite its application. Thus, the motion is **DENIED**.

## VII.   Witnesses Without Firsthand Knowledge of the Stop (ECF No. 191)

Defendants next move to exclude any witnesses "that were not present for the stop, detention, questioning[,] or search of Plaintiff[] and his vehicle." ECF No. 191. Rule 602 of the

---

[19] At oral argument, the parties also raised the issue of whether the fact of Mr. Simpson's failure to notate money seized during the stop at issue in that disciplinary action might bear on his character for truthfulness under FED. R. EVID. 608. Because the disciplinary letter expressly clears Mr. Simpson of criminal wrongdoing, ECF No. 109 at 106, inferences of untruthfulness from the episode are thin, and the court understands there to be some risk of prejudice at play. However, the court concludes that the danger of unfair prejudice does not *substantially outweigh* the probative value of the incident, and Mr. Harvey will be permitted to inquire into the incident on cross-examination.

Federal Rules of Evidence states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." FED. R. EVID. 602. However, witnesses may have personal knowledge of the stops or other matters relevant to trial (including, potentially, the Defendants' mental state, as is discussed above) without physically being present for the stop, detention, questioning, or search of Mr. Harvey and his vehicle. Thus, Defendants' motion, at its core, rests on a fundamental misunderstanding of Rule 602. In particular, Defendants move to exclude the testimony of Major Jess Anderson, Harley Watkins, Barton Blair, and Kevin Richer, whom Mr. Harvey has signaled an intent to call. ECF No. 182 at 3. Defendants offer their theory that these witnesses would only be called because their names are included in a report about the stops. However, their motion rests on a faulty interpretation of Rule 602, which does not provide a basis to exclude these witnesses. Defendants' motion is thus **DENIED**.

### VIII.   Evidence Related to Subsequent Remedial Measures (ECF No. 193)

Defendants also move pursuant to Federal Rule of Evidence 407 to exclude any and all references to "any actions taken by the Defendants or the Utah Highway Patrol after [Mr. Harvey's] encounter with them." ECF No. 193. Rule 407 states that

> [w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures."

FED. R. EVID. 407.

18

Defendants argue that any mention of the Utah Highway Patrol's investigation into the two stops is both irrelevant and, implicitly, could only be offered to prove culpable conduct. Assuming that the subsequent Utah Highway Patrol investigations would have made Mr. Harvey's injury or harm less likely to occur, and assuming that such evidence would not be offered for a proper purpose outlined under Rule 407, it will be excluded by ordinary operation of the rule. However, because such evidence would not necessarily be excluded under Rule 407 if, for example, it is offered for the purpose of, among other things, impeachment, Defendants' motion to exclude any and all references to "any actions taken by the Defendants or the Utah Highway Patrol after [Mr. Harvey's] encounter with them" is overly broad and therefore **DENIED**.[20]

### IX.   Evidence Regarding Damages Violative of Rule 26 (ECF No. 194)

Defendants move to exclude any evidence of damages other than emotional distress damages and punitive damages "because nothing else was ever computed or supported during discovery." ECF No. 194. Rule 26 of the Federal Rules of Civil Procedure creates a general duty to disclose

> a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

FED. R. CIV. P. 26(a)(1)(A)(iii). In turn, Rule 37 provides that

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

---

[20] Defendants' citation to Rule 403, without any argument or explanation, is unavailing for the reasons discussed above.

FED. R. CIV. P. 37(c).

The Rule continues, "In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: [] may order payment of the reasonable expenses, including attorney's fees, caused by the failure; [] may inform the jury of the party's failure; and [] may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." *Id.*[21] Given the continuation of the trial and the significant preparation provided to the Defendants and their counsel, there is no harm to Defendants' ability to meaningfully prepare for trial. The court finds that (1) Defendants are not prejudiced by the late disclosure of Mr. Harvey's damages theories, (2) the introduction of the evidence regarding damages would not necessarily disrupt the trial, and (3) Mr. Harvey did not act in bad faith. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (outlining factors a district court generally weighs when considering the propriety of sanctions for a Rule 26 violation). The motion is thus **DENIED**.

## X.   Questioning Regarding Spoliation of Evidence (ECF No. 195)

Defendants move to exclude Mr. Harvey "from questioning whether evidence was spoliated." ECF No. 195. Specifically, Defendants argue, Mr. Harvey should not be permitted to

---

[21] These sanctions listed in Rule 37(b)(2)(A)(i)-(vi) may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part; [or]

(vi) rendering a default judgment against the disobedient party[.]

FED. R. CIV. P. 37.

suggest that Mr. Butcher destroyed video footage from the day of the stops or otherwise question why it does not exist or has not been produced. This court, upon the recommendation of the magistrate judge, has already determined that Mr. Harvey is not entitled to an adverse inference instruction as a sanction for the spoliation of evidence. *Harvey v. Butcher*, 2021 U.S. Dist. LEXIS 61196, at \*19-\*22. However, while Mr. Harvey will not be entitled to an instruction regarding his spoliation theory, the court declines to enter an order precluding any and all questioning regarding the existence and deletion of the video footage.[22] Mr. Harvey will be permitted to question witnesses regarding evidence retention policies in effect at the time to determine whether video footage from the stops were retained or destroyed in accordance therewith. This motion is thus **DENIED**.

## XI.    Plaintiff's Late Exhibits (ECF No. 212)

Finally, Defendants move to exclude all but three of Mr. Harvey's exhibits. ECF No. 212. These include 75 exhibits that Mr. Harvey disclosed late and that were not included in Mr. Harvey's initial disclosures. The operative trial order demanded that Mr. Harvey provide Defendants' counsel with his proposed exhibits by December 14, 2023. Mr. Harvey's disclosures were late, however, and were provided to Defendants in two batches on January 12, 2024 (29 days after the court-ordered deadline) and January 18, 2024 (35 days after the court-ordered deadline). Defendants represent that many of these proposed exhibits are new and do not correspond to any previous disclosures made by Mr. Harvey. Because they were late and were not previously

---

[22] It is unclear whether or not this is what Defendants had in mind when referring to "whether evidence was spoliated," given that spoliation carries a specific doctrinal meaning.

disclosed by Mr. Harvey, Defendants argue that it would be unfair to allow the exhibits to be introduced at trial.

First, Defendants argue that the late disclosures warrant sanctions under FED. R. CIV. P. 16(f) and FED. R. CIV. P. 37(b)(2). The award of sanctions under Rule 37 is a matter of this court's discretion and, as the Tenth Circuit has emphasized, necessarily a fact-specific inquiry. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). As it considers appropriate sanctions, a district court generally considers

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant, . . . (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, . . . and (5) the efficacy of lesser sanctions.

*Id*. at 921 (internal citations and quotation marks omitted).

Defendants argue that admission of the exhibits would be prejudicial because the exhibits "completely alter how trial is being prepared for." ECF No. 212 at 4. But the continuation of the trial—and the early resolution of the motions of limine—provides Defendants and their counsel with the necessary lead and preparation time. The exhibits were disclosed in January and the trial is scheduled to begin in July. The court is confident that Defendants' counsel can prepare for the two-day trial with the new exhibits in hand. Thus, the court concludes that Defendants have not suffered and would not suffer any prejudice. Defendants also state that many of the exhibits are irrelevant. But this is an independent ground on which Defendants will be able to object at trial to the inclusion of any exhibits, and does not bear on the issue of prejudice under *Ehrenhaus*.

Given the months-long continuation of the trial, the court is also not of the view that Mr. Harvey's late disclosures—while inappropriate—interfered with the judicial process to such a

degree that exclusion of the exhibits would be a fair sanction.[23] While cautious of allowing a party proceeding pro se to subvert normal trial procedure, the court is also wary of restricting Mr. Harvey to such a degree that the trial becomes a sham. Without allowing Mr. Harvey the opportunity to at least attempt to introduce trial exhibits to the jury, the court is concerned that the trial will be reduced to a hollow ritual. Finally, under the *Ehrenhaus* factor number five, the court is satisfied that lesser sanctions in the form of an admonition would be efficacious. Thus, Mr. Harvey is hereby admonished to comply with all future court-ordered deadlines.

Separately, Defendants argue that Mr. Harvey should not be able to introduce the exhibits because he failed to disclose most of the proffered exhibits in his Rule 26 disclosures. As discussed above, Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). However, for the reasons discussed above, the late disclosure was harmless. As above, given the continuation of the trial and the significant preparation time provided to the Defendants and their counsel, there is no harm to Defendants' ability to meaningfully prepare for trial. The court finds that (1) Defendants are not prejudiced by the late disclosures, (2) the introduction of the exhibits would not necessarily disrupt the trial, and (3) Mr. Harvey did not act in bad faith. *See Woodworker's Supply, Inc.*, 170 F.3d at 993 (outlining factors a district court generally weighs when considering the propriety of sanctions for a Rule 26 violation). As a result, Defendants' motion is **DENIED**.

---

[23] Mr. Harvey also maintains that he did not receive a copy of the court's trial order. *See* ECF No. 218.

Defendants will be able to object to the introduction of the exhibits at trial under the rules (for example, for the reason that they are irrelevant, cumulative, or unduly prejudicial), and the court makes no ruling as to the exhibits' admissibility in this order. However, the court, in its discretion, elects at this juncture not to exclude the exhibits for the reasons under which Defendants move.

## CONCLUSION & ORDER

For the foregoing reasons, the court resolves Defendants' motions in limine as follows, subject to the considerations laid out above:

I.    ECF No. 192 is **DENIED**. The court will make a final determination of the propriety of instructing the jury on a theory of punitive damages after considering the sufficiency of the evidence as it is developed at trial.

II.    ECF No. 186 is **DENIED**. Mr. Harvey will not be precluded from offering evidence that relates to his race, but he may only offer such evidence insofar as it relates to his subjective state of mind at the time of the stop and damages he actually suffered as a result of Defendants' unconstitutional conduct.

III.    ECF No. 187 is **DENIED**. Mr. Harvey will not be precluded from offering evidence that relates to historical events and media references, but he may only offer such evidence insofar as it relates to his subjective state of mind at the time of the stop and damages he actually suffered as a result of Defendants' unconstitutional conduct.

IV.    ECF No. 188 is **GRANTED IN PART AND DENIED IN PART**. Mr. Harvey will not be able to seek compensation for lost wages absent expert testimony. The court

will defer ruling on the matter of admissibility of evidence regarding medical conditions until trial.

V.   ECF No. 189 is **GRANTED IN PART AND DENIED IN PART**. While Mr. Harvey will not be precluded from offering all Rule 404(b) evidence, he will not be permitted to offer testimony or evidence regarding Mr. Butcher's alleged involvement in the incidents underling the *Guerra-Palomares* litigation or Mr. Simpson's alleged past behavior related to high-speed pursuits or drug runner money. In the cross-examination of Mr. Simpson, however, Mr. Harvey will be permitted to inquire into the failure to notate funds seized pursuant to FED. R. EVID. 608(b).

VI.   ECF No. 190 is **DENIED**. Defendants do nothing more than invite application of Rule 408 of the Federal Rules of Evidence.

VII.   ECF No. 191 is **DENIED**. Defendants misstate the standard for fact witness competency under Rule 602 of the Federal Rules of Evidence and provide an insufficient basis for a ruling excluding any particular witnesses in anticipation of trial on that basis.

VIII.   ECF No. 193 is **DENIED**. Defendants misstate the standard for exclusion of evidence under Rule 407 of the Federal Rules of Evidence and provide an insufficient basis for any ruling excluding any particular evidence in anticipation of trial on that basis.

IX.   ECF No. 194 is **DENIED**. Mr. Harvey's damages theories will not be excluded on the basis of his failure to disclose his damages calculations under Rule 26.

X.      ECF No. 195 is **DENIED**. Mr. Harvey will be permitted to question witnesses regarding evidence retention policies in effect at the time to determine whether video footage from the stops were retained or destroyed in accordance therewith.

XI.     ECF No. 212 is **DENIED**. Mr. Harvey will not be precluded from offering the late-disclosed exhibits at trial on the basis of Rules 16 or 26 of the Federal Rules of Civil Procedure.

DATED June 11, 2024.

BY THE COURT

Jill N. Parrish
United States District Court Judge